1   DURIE TANGRI LLP
SONAL N. MEHTA (SBN 222086)
2   smehta@durietangri.com
LAURA E. MILLER (SBN 271713)
3   lmiller@durietangri.com
CATHERINE Y. KIM (SBN 308442)
4   ckim@durietangri.com
217 Leidesdorff Street
5   San Francisco, CA  94111
Telephone:   415-362-6666
6   Facsimile:   415-236-6300

7   Attorneys for Defendant
Facebook, Inc.
8

9                    IN THE UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11   SIX4THREE, LLC,                        | Case No. 3:17-cv-00359

12                          Plaintiff,       | **NOTICE OF REMOVAL OF ACTION:**
                                             | **UNDER 28 U.S.C. § 1441(A)**
13        v.                                 | **(FEDERAL QUESTION)**

14   FACEBOOK, INC.,

15                          Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Facebook, Inc. ("Facebook") hereby removes to this Court the state court action described below.

On April 10, 2015, an action was filed in the Superior Court of the State of California in and for the County of San Mateo entitled *Six4Three, LLC v. Facebook, Inc.*, case number CIV53328, attached hereto as Exhibit A.  After demurrer practice, Plaintiff Six4Three LLC ("Six4Three") filed a Second Amended Complaint on February 26, 2016.  A copy of the Second Amended Complaint is attached hereto as Exhibit B.

On January 12, 2017, Six4Three served verified interrogatory responses in which Six4Three disclosed that it intends to present the violation of numerous federal statues, including federal antitrust statutes providing for exclusive federal jurisdiction, as the predicate unlawful acts for its claim that Facebook has violated California Business & Professions Code Section 17200 *et seq.* ("Section 17200"). A copy of the interrogatory responses is attached hereto as Exhibit C.

The balance of the Superior Court case file is attached hereto as Exhibit D.

## I.      JURISDICTION

This action is a civil action of which this Court has original and exclusive jurisdiction under, among other things, Section 4 of the Sherman Act (15 U.S.C. § 4) and Section 4 of the Clayton Act (15 U.SC. § 15), and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. Sections 1331 and 1441(a) in that it arises under federal antitrust law.

## II.     INTRADISTRICT ASSIGNMENT

As this action arose in the City and County of San Mateo, assignment to the San Francisco Division of the United States District Court for the Northern District of California is proper.

## III.    SIX4THREE'S VERIFIED INTERROGATORY RESPONSE REVEALS THAT ITS SECTION 17200 CLAIM IS BASED ON FEDERAL ANTITRUST LAW

Six4Three's Second Amended Complaint purports to state four causes of action: intentional interference with contractual relations, intentional interference with prospective economic advantage,

negligent misrepresentation, and violations of Section 17200.[1]  The parties have been proceeding in the Superior Court, with discovery ongoing.  As part of the discovery process, Facebook propounded an interrogatory asking Six4Three to "State ALL laws that YOU contend Facebook's conduct violates RELATED TO YOUR claim for violation of Business and Professions Code § 17200 et seq."  On January 12, 2017, Six4Three responded to the interrogatory and identified the alleged violation of a number of federal antitrust laws as the predicate for unlawful acts for Six4Three's Section 17200 claims:

> Subject to and without waiving the foregoing objections, Responding Party responds that its analysis, investigation and discovery are ongoing and it does not intend to limit evidence at trial to matters stated herein.  Facebook's conduct repeatedly violates Business and Professions Code § 17200 et seq. by engaging in: (l) unlawful business acts or practices; (2) unfair business acts or practices; (3) fraudulent business acts or practices; (4) unfair, deceptive, untrue or misleading advertising; and (5) business acts or practices prohibited by §§ 17500-l7577.5.   Further, Facebook's conduct repeatedly violates Business and Professions Code §§ 17500 et seq., which prohibits advertising goods or services that Facebook knew or should have known were likely to deceive, Facebook's conduct also repeatedly violates California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.) protecting consumers against unfair and deceptive business practices (Cal. Civ. Code § 1760) and various violations of Cal. Civ. Code 1770.  Finally, Facebook's conduct repeatedly violates Business and Professions Code §§ 16600 et seq. prohibiting contracts that restrain engagement in a lawful profession, trade or business of any kind.

> Facebook's conduct also violates *Section 5 of the Federal Trade Commission Act* (15 U.S.C. § 45) prohibiting unfair methods of competition in or affecting commerce and unfair or deceptive practices in or affecting commerce, Facebook's conduct further violates *Section 1 of the Sherman Act* prohibiting contracts in restraint of trade of commerce. Facebook's conduct further repeatedly violates *Section 2 of the Sherman Act* prohibiting the monopolization or attempt to monopolize any part of the trade or commerce among states. Facebook's conduct further repeatedly violates *Section 2 of the Clayton Act, the Robinson-Patman Price Discrimination Act*, prohibiting discrimination of price between different purchasers where the effect is to lessen competition or tend to create a monopoly, Facebook's conduct further repeatedly violates *Section 3 of the Clayton Act* prohibiting agreements that require avoidance of services or goods from competitors that tend to create a monopoly or lessen competition.  Facebook's conduct further repeatedly violates the Cartwright Act, Business and Professions Code §§ 16720 et seq., prohibiting trusts or actions in concert in restraint of trade or commerce. Facebook's violations further include numerous per se violations resulting from tying agreements with a host of third parties.

> Finally, Facebook's conduct violates numerous other state laws that are accessible via Business and Professions Code §§ 17200 et seq., including but not limited to New York General Business Law §§ 349 et seq. prohibiting deceptive acts or practices in conduct of any business, trade or commerce or in the furnishing of any service.  Facebook's conduct further violates Business and Professions Code § 17200 et seq. by reason of its tortious conduct, including but not limited to constructive fraud, negligent misrepresentation of

---

[1] The Second Amended Complaint also includes a claim for promissory estoppel.  On June 28, 2016, Facebook's demurrer was sustained as to this claim without leave to amend.

1    material fact, intentional interference with contract and intentional interference with
2    prospective business relations.

3    Exhibit C at 5–6 (emphasis added).

4         After receiving Six4Three's interrogatory response, counsel for Facebook approached Six4Three

5    to confirm that Six4Three in fact intended to pursue all of the federal and state claims identified in its

6    interrogatory response.  Exhibit E.  Facebook's counsel noted that it would understand Six4Three to be

7    pursuing all such claims if it did not hear otherwise from Six4Three by January 23.  Six4Three did not

8    respond, confirming that it is in fact relying upon the violation of federal laws, including federal antitrust

9    laws, as the predicate for its Section 17200 claims.

10   **IV.**    **SIX4THREE'S CONTENTIONS CONFIRM THAT THIS MATTER SHOULD BE**
     **REMOVED TO FEDERAL COURT.**
11

12        "[A]ny civil action brought in a State court of which the district courts of the United States have

13   original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

14   United States for the district and division embracing the place where such action is pending."  28 U.S.C.

15   § 1441(a).  "The several district courts of the United States are invested with jurisdiction to prevent and

16   restrain violations of sections 1 to 7 of" the Sherman Act.  15 U.S.C. § 4.  "[A]ny person who shall be

17   injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor

18   in any district court of the United States in the district in which the defendant resides or is found or has

19   an agent . . . ."  15 U.S.C. § 15.

20        Pursuant 28 U.S.C. § 1446(b)(3) "if the case stated by the initial pleading is not removable, a

21   notice of removal may be filed within thirty days after receipt by the defendant, through service or

22   otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

23   ascertained that the case is one which is or has become removable."  This notice of removal is being filed

24   within thirty days of Six4Three's interrogatory responses disclosing Six4Three's reliance on federal

25   antitrust laws as the predicate for its Section 17200 claim.

26        Because Six4Three's Section 17200 claim arises under federal antitrust law, it is necessarily

27   federal in character, and presents substantial, disputed questions of federal antitrust law.  *See, e.g.,*

28   *National Credit Reporting Ass'n, v. Experian Information Solutions, Inc.,* No. C04-01661 WHA, 2004

NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441(A)
(FEDERAL QUESTION) / CASE NO. 3:17-CV-00359

1   WL 1888769 (N.D. Cal. July 21, 2004).

2   **V.     CONCLUSION**

3          For the reasons stated above, this matter is properly removed to federal court, exclusive

4   jurisdiction.

5

6   Dated:  January 24, 2017                          DURIE TANGRI LLP

7
                                            By:  _____*/s/ Laura E. Miller*_____
8                                                        LAURA E. MILLER

9                                               Attorneys for Defendant
                                                Facebook, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION: UNDER 28 U.S.C. § 1441(A)
(FEDERAL QUESTION) / CASE NO. 3:17-CV-00359