# EXHIBIT C

Basil P. Fthenakis, Esq. (88399)
CRITERION LAW
2225 E. Bayshore Road, Suite 200
Palo Alto, California 94303
Tel. (650) 352-8400
Fax. (650) 352-8408
bpf@criterionlaw.com

Of counsel:

David S. Godkin (admitted *pro hac vice*)
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100
godkin@birnbaumgodkin.com

James Kruzer (admitted *pro hac vice*)
BIRNBAUM & GODKIN, LLP
280 Summer Street
Boston, MA 02210
(617) 307-6100
kruzer@birnbaumgodkin.com

Attorneys for Plaintiff,
SIX4THREE, LLC, a Delaware
limited liability company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| SIX4THREE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation and DOES 1-50, inclusive,<br><br>Defendant. | Case No. CIV533328<br><br>**PLAINTIFF SIX4THREE LLC'S RESPONSE TO DEFENDANT FACEBOOK, INC.'S SPECIALLY PREPARED INTERROGATORIES (SET TWO)** |

| | | |
|---|---|---|
| PROPOUNDING PARTY: | | DEFENDANT FACEBOOK, INC. |
| RESPONDING PARTY: | | PLAINTIFF SIX4THREE LLC |
| SET: | | ONE |

Plaintiff Six4Three, LLC ("643") hereby objects and responds as follows to the Specially Prepared Interrogatories (Set One) ("Special Interrogatories") propounded by Defendant Facebook, Inc. ("Defendant").

## PLAINTIFF'S GENERAL OBJECTIONS

Each and every Special Interrogatory is subject to the General Objections and limitations set forth herein ("General Objections"), in addition to the specific objections and limitations set forth in the respective responses. The General Objections and limitations form part of the Response to each Special Interrogatory and are set forth to avoid duplication for each response. 643 makes the following General Objections to each Special Interrogatory:

1. Responding Party objects to the Special Interrogatories to the extent they are unduly burdensome and oppressive in the context of this action.

2. Responding Party objects to these Special Interrogatories insofar as they seek communications protected by the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.*, ("SCA"), which prohibits service providers from disclosing electronic communication content stored on a remote computing service.

3. Responding Party objects to these Special Interrogatories to the extent they seek information subject to the SCA pertaining to Users.

4. Responding Party objects to these Special Interrogatories to the extent they seek information 643 is legally or contractually prohibited from disclosing, including information that would require Responding Party to breach a confidentiality contract, protective order, settlement, or other duty to a third party to maintain confidentiality.

5. Responding Party objects to these Special Interrogatories to the extent they are unduly burdensome and oppressive in the context of this action.

6. Responding Party objects to these Special Interrogatories to the extent they are covered by the attorney-client privilege, settlement privilege, work-product doctrine, or other

-1-

applicable privilege. Any such documents will not be provided in response to these requests for production and any inadvertent production shall not be deemed a waiver of any privilege with respect to such documents or of any work-product protections attaching to such documents.

7. Responding Party objects to these Special Interrogatories to the extent they require disclosure of documents containing proprietary or confidential information, trade secrets, or information that may implicate third-party privacy rights.

8. Responding Party objects to these Special Interrogatories to the extent they are vague, ambiguous, unintelligible, overly broad, or harassing.

9. Responding Party objects to these Special Interrogatories to the extent they seek documents not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence.

10. Responding Party objects to these Special Interrogatories to the extent they seek information not within the possession, custody or control of Responding Party. An objection on this ground does not constitute a representation or admission that such documents exist.

11. Responding Party objects to these Special Interrogatories insofar as they seek information already in Propounding Party's possession, custody or control, or that can be obtained by Propounding Party with equal burden or directly from Users.

12. Responding Party objects to these Special Interrogatories to the extent they attempt to impose obligations beyond those required or allowed by the California Code of Civil Procedure.

13. Responding Party objects to the definitions of "Documents" and "Communications" to the extent they impose any obligations with respect to the production of electronically stored information that are different from or in addition to those imposed by the California Code of Civil Procedure. Responding Party further objects to these definitions to the extent they include electronically stored information that is not reasonably accessible due to undue burden or expense, obtainable from another source that is less burdensome, and/or unreasonably cumulative or duplicative, or where the likely burden or expense outweighs the likely benefit.

14. Responding Party objects to the definitions of "643," "Plaintiff," "You," and "Your" on the grounds that they are overbroad and call for information covered by the attorney-client and work product privileges.

15. Responding Party's responses are based solely upon information presently available and specifically known to Responding Party. As such, Responding Party's responses are made without prejudice to its right subsequently to add, modify or otherwise change or amend these responses. Responding Party reserves the right to change any of its objections or responses as new information is discovered. Specifically, Responding Party reserves the right to introduce other information or documents, use information that it may later determine to have been responsive to these requests, and revise, correct, supplement or clarify any of its written responses at any time.

These General Objections are incorporated into each and every objection to Propounding Party's specific requests for production. All responses are subject to, preserve and do not constitute a waiver of these General Objections.

## OBJECTIONS AND RESPONSES TO SPECIAL INTERROGATORIES

### SPECIAL INTERROGATORY NO. 33:

State ALL antitrust laws that YOU contend Facebook's conduct threatens an incipient violation of, or violates the policy or spirit of.

### RESPONSE TO SPECIAL INTERROGATORY NO. 33:

Responding Party incorporates each of the General Objections and further objects to this demand to the extent that it: (1) is vague and ambiguous; (2) is overly broad and unduly burdensome in seeking "ALL laws"; (3) calls for information covered by the attorney-client privilege and work product privileges; (4) seeks information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence; and (5) seeks information equally available to Defendant.

Subject to and without waiving the foregoing objections, Responding Party responds that its analysis, investigation and discovery are ongoing and it does not intend to limit evidence at

trial to matters stated herein. Facebook's conduct repeatedly violates Business and Professions Code § 17200 et seq. by engaging in: (1) unlawful business acts or practices; (2) unfair business acts or practices; (3) fraudulent business acts or practices; (4) unfair, deceptive, untrue or misleading advertising; and (5) business acts or practices prohibited by §§ 17500-17577.5. Further, Facebook's conduct repeatedly violates Business and Professions Code §§ 17500 et seq., which prohibits advertising goods or services that Facebook knew or should have known were likely to deceive. Facebook's conduct also repeatedly violates California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.) protecting consumers against unfair and deceptive business practices (Cal. Civ. Code § 1760) and various violations of Cal. Civ. Code § 1770. Finally, Facebook's conduct repeatedly violates Business and Professions Code §§ 16600 et seq. prohibiting contracts that restrain engagement in a lawful profession, trade or business of any kind.

      Facebook's conduct also violates Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) prohibiting unfair methods of competition in or affecting commerce and unfair or deceptive practices in or affecting commerce. Facebook's conduct further violates Section 1 of the Sherman Act prohibiting contracts in restraint of trade or commerce. Facebook's conduct further repeatedly violates Section 2 of the Sherman Act prohibiting the monopolization or attempt to monopolize any part of the trade or commerce among states. Facebook's conduct further repeatedly violates Section 2 of the Clayton Act, the Robinson-Patman Price Discrimination Act, prohibiting discrimination of price between different purchasers where the effect is to lessen competition or tend to create a monopoly. Facebook's conduct further repeatedly violates Section 3 of the Clayton Act prohibiting agreements that require avoidance of services or goods from competitors that tend to create a monopoly or lessen competition. Facebook's conduct further repeatedly violates the Cartwright Act, Business and Professions Code §§ 16720 et seq., prohibiting trusts or actions in concert in restraint of trade or commerce. Facebook's violations further include numerous per se violations resulting from tying agreements with a host of third parties.

Finally, Facebook's conduct violates numerous other state laws that are accessible via Business and Professions Code §§ 17200 et seq., including but not limited to New York General Business Law §§ 349 et seq. prohibiting deceptive acts or practices in conduct of any business, trade or commerce or in the furnishing of any service. Facebook's conduct further violates Business and Professions Code § 17200 et seq. by reason of its tortious conduct, including but not limited to constructive fraud, negligent misrepresentation of material fact, intentional interference with contract and intentional interference with prospective business relations.

**SPECIAL INTERROGATORY NO. 34:**

State ALL laws that YOU contend Facebook's conduct violates RELATED TO YOUR claim for violation of Business and Professions Code § 17200 et seq.

**RESPONSE TO SPECIAL INTERROGATORY NO. 34:**

Responding Party incorporates each of the General Objections and further objects to this demand to the extent that it: (1) is vague and ambiguous; (2) is overly broad and unduly burdensome in seeking "ALL laws"; (3) calls for information covered by the attorney-client privilege and work product privileges; (4) seeks information not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence; and (5) seeks information equally available to Defendant.

Subject to and without waiving the foregoing objections, Responding Party responds that its analysis, investigation and discovery are ongoing and it does not intend to limit evidence at trial to matters stated herein. Facebook's conduct repeatedly violates Business and Professions Code § 17200 et seq. by engaging in: (1) unlawful business acts or practices; (2) unfair business acts or practices; (3) fraudulent business acts or practices; (4) unfair, deceptive, untrue or misleading advertising; and (5) business acts or practices prohibited by §§ 17500-17577.5. Further, Facebook's conduct repeatedly violates Business and Professions Code §§ 17500 et seq., which prohibits advertising goods or services that Facebook knew or should have known were likely to deceive. Facebook's conduct also repeatedly violates California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.) protecting consumers against unfair and deceptive business practices (Cal. Civ. Code § 1760) and various violations of Cal. Civ. Code § 1770.

Finally, Facebook's conduct repeatedly violates Business and Professions Code §§ 16600 et seq. prohibiting contracts that restrain engagement in a lawful profession, trade or business of any kind.

Facebook's conduct also violates Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) prohibiting unfair methods of competition in or affecting commerce and unfair or deceptive practices in or affecting commerce. Facebook's conduct further violates Section 1 of the Sherman Act prohibiting contracts in restraint of trade or commerce. Facebook's conduct further repeatedly violates Section 2 of the Sherman Act prohibiting the monopolization or attempt to monopolize any part of the trade or commerce among states. Facebook's conduct further repeatedly violates Section 2 of the Clayton Act, the Robinson-Patman Price Discrimination Act, prohibiting discrimination of price between different purchasers where the effect is to lessen competition or tend to create a monopoly. Facebook's conduct further repeatedly violates Section 3 of the Clayton Act prohibiting agreements that require avoidance of services or goods from competitors that tend to create a monopoly or lessen competition. Facebook's conduct further repeatedly violates the Cartwright Act, Business and Professions Code §§ 16720 et seq., prohibiting trusts or actions in concert in restraint of trade or commerce. Facebook's violations further include numerous per se violations resulting from tying agreements with a host of third parties.

Finally, Facebook's conduct violates numerous other state laws that are accessible via Business and Professions Code §§ 17200 et seq., including but not limited to New York General Business Law §§ 349 et seq. prohibiting deceptive acts or practices in conduct of any business, trade or commerce or in the furnishing of any service. Facebook's conduct further violates Business and Professions Code § 17200 et seq. by reason of its tortious conduct, including but not limited to constructive fraud, negligent misrepresentation of material fact, intentional interference with contract and intentional interference with prospective business relations.

DATED: January 11, 2017

CRITERION LAW

BIRNBAUM & GODKIN

By: /s/ David S. Godkin
Basil P. Fthenakis
David S. Godkin (admitted *pro hac vice*)
James E. Kruzer (admitted *pro hac vice*)
Attorneys for Plaintiff
Six4Three, LLC

---

## PROOF OF SERVICE

I, James E. Kruzer, declare:

I am a citizen of the United States and employed in Suffolk County, Massachusetts. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 280 Summer Street, Boston, MA 02210. On January 12, 2017, I served a copy of the within document(s):

PLAINTIFF SIX4THREE LLC'S RESPONSE TO DEFENDANT FACEBOOK, INC.'S SPECIALLY PREPARED INTERROGATORIES (SET TWO)

[X]  By electronically mailing a true and correct copy through Birnbaum & Godkin, LLP's electronic mail system to the email addresses set forth below.

SONAL N. MEHTA (SBN 222086)
LAURA E. MILLER (SBN 271713)
CATHERINE Y. KIM (SBN 308442)
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: 415-362-6666
Facsimile: 415-236-6300
smehta@durietangri.com
lmiller@durietangri.com
ckim@durietangri.com

Attorney for Defendant
FACEBOOK, INC.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed January 12, 2017, at Boston, Massachusetts.

_____
James E. Kruzer

# VERIFICATION

I, Ted Kramer, as a certified representative of Plaintiff Six4Three LLC ("643"), certify and declare under penalty of perjury under the laws of the state of California that I have read and reviewed 643's Answers to Facebook's Second Set of Specially Prepared Interrogatories; and believe them to be true and accurate based on the information available to 643 at the present time.

Executed January 11, 2017, at San Francisco, California.

_____
By: Ted Kramer