# EXHIBIT 1

1  Julie E. Schwartz, Bar No. 260624
   JSchwartz@perkinscoie.com
2  PERKINS COIE LLP
   3150 Porter Drive
3  Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
4  Facsimile: 650.838.4350

5  James R. McCullagh, admitted *pro hac vice*
   JMcCullagh@perkinscoie.com
6  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
7  Seattle, WA 98101-3099
   Telephone: 206.359.8000
8  Facsimile: 206.359.9000

9  Attorneys for Defendant
   Facebook, Inc.

**FILED**
SAN MATEO COUNTY
OCT 25 2016
Clerk of the Superior Court
By _____
   DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

SIX4THREE, LLC, a Delaware limited liability company,

    Plaintiff,

v.

FACEBOOK, INC., a Delaware corporation and DOES 1-50, inclusive,

    Defendant.

Case No. CIV533328

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

    In order to protect confidential information obtained by the parties in connection with this case, the parties, by and through their respective undersigned counsel and subject to the approval of the Court, hereby agree as follows:

### Part One: Use Of Confidential Materials In Discovery

    1.    Any party or non-party may designate as Confidential Information (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or

CIV533328
ORD
Order
231729

-1-

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328

confidential business, financial, or personal information, including personal financial information about any individual or entity; information regarding any individual's or entity's banking relationship with any banking institution, including information regarding financial transactions or financial accounts, and any information regarding any individual or entity that is not otherwise available to the public, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the California Rules of Court or under other provisions of California law. Any party or non-party may designate as Highly Confidential Information (by stamping the relevant page or as otherwise set forth herein) any document or response to discovery which that party or non-party considers in good faith to contain information involving highly sensitive trade secrets or confidential business, financial, or personal information, the disclosure of which would result in the disclosure of trade secrets or other highly sensitive research, development, production, personnel, commercial, market, financial, or business information, or highly sensitive personal information, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the California Rules of Court or under other provisions of California law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2. A party or non-party may designate information disclosed during a deposition or in response to written discovery as Confidential Information or Highly Confidential Information by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as Confidential Information or Highly Confidential Information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in Paragraph 9 below. Until the thirty (30) day period for designation has lapsed, the entirety of each deposition transcript shall be treated as Confidential Information. After the thirty (30) day period for designation has lapsed, any documents or information designated pursuant to the procedure set forth in this paragraph shall be treated according to the

designation until the matter is resolved according to the procedures described in Paragraph 9 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A party that makes original documents or materials available for inspection need not designate them as Confidential Information or Highly Confidential Information until after the inspecting party has indicated which materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Highly Confidential Information.

3. All Confidential Information or Highly Confidential Information produced or exchanged in the course of this case (not including information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case. Confidential Information or Highly Confidential Information shall not be used for any commercial competitive, personal, or other purpose. Confidential Information or Highly Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. The protections conferred by this Stipulated Protective Order cover not only the Confidential Information or Highly Confidential Information produced or exchanged in this case, but also (1) any information copied or extracted from or reflecting the Confidential Information or Highly Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information or Highly Confidential Information; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information or Highly Confidential Information. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving party prior to

the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

    4.    Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, Confidential Information shall not be disclosed to any person other than:

    (a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

    (b)    employees of such counsel;

    (c)    individual parties or officers or employees of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

    (d)    consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information, and provided that if the party chooses a consultant or expert employed by the opposing party or one of its competitors, the party shall notify the opposing party, or designating non-party, before disclosing any Confidential Information to that individual and shall give the opposing party an opportunity to move for a protective order preventing or limiting such disclosure;

    (e)    any authors or recipients of the Confidential Information or a custodian;

    (f)    the Court, court personnel, and court reporters; and

    (g)    witnesses (other than persons described in Paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign

the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the party may be used. At the request of any party, the portion of the deposition transcript involving the Confidential Information shall be designated "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies.

5. Except with the prior written consent of the other parties, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential Information shall be treated in the same manner as Confidential Information pursuant to Paragraph 4 above, except that it shall not be disclosed to individual parties or directors, officers or employees of a party, or to witnesses (other than persons described in Paragraph 4(a) or 4(e)).

6. Any persons receiving Confidential Information or Highly Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information or Highly Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information or Highly Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

7. In connection with discovery proceedings as to which a party submits Confidential Information or Highly Confidential Information, all documents and chamber copies containing Confidential Information or Highly Confidential Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers. On the

outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information or Highly Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

8. A party may designate as Confidential Information or Highly Confidential Information documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Until the thirty (30) day period for designation has lapsed, any documents or discovery materials produced by a non-party shall be treated at Confidential Information. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or nonparty as Confidential Information or Highly Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials designated Confidential Information or Highly Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

9. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty (20) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

10. Notwithstanding any challenge to the designation of material as Confidential Information or Highly Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

    (a) the party or non-party who claims that the material is Confidential Information or Highly Confidential Information withdraws such designation in writing; or

    (b) the party or non-party who claims that the material is Confidential Information or Highly Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

    (c) the Court rules the material is not Confidential Information or Highly Confidential Information.

11. All provisions of this Order restricting the communication or use of Confidential Information or Highly Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information or Highly Confidential Information shall within sixty (60) days either (a) return such documents to counsel for the party or non-party who provided such information, or (b) destroy such documents. Whether the Confidential Information or Highly Confidential Information is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60 day deadline that (1) all the Confidential Information or Highly Confidential Information that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Confidential Information or Highly Confidential Information. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information or Highly Confidential

Information. Any such archival copies that contain or constitute Confidential Information or Highly Confidential Information remain subject to this Stipulated Protective Order. The conclusion of the litigation shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. After the conclusion of this action, this Court will retain jurisdiction to enforce the terms of this Order.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

13. In the event that any Confidential Information or Highly Confidential Information is inadvertently produced without such designation, the party or non-party that inadvertently produced the information without designation shall give written notice of such inadvertent production promptly after the party or non-party discovers the inadvertent failure to designate (but no later than fourteen (14) calendar days after the party or non-party discovers the inadvertent failure to designate), together with a further copy of the subject information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the party that received the information that was inadvertently produced without designation shall promptly destroy the inadvertently produced information and all copies thereof, or, at the expense of the producing party or non-party, return such together with all copies of such information to counsel for the producing party and shall retain only the newly-produced versions of that information that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." This provision is not intended to apply to any inadvertent production of any information or materials protected by

-8-

attorney-client or work product privileges, which inadvertent production is governed by Section 14 below.

14. In the event that any party or non-party inadvertently produces information that is privileged or otherwise protected from disclosure during the discovery process ("Inadvertent Production Material"), the following shall apply:

(a) Such inadvertent production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other applicable protection in this case or any other federal or state proceeding, provided that the producing party shall notify the receiving party in writing of such protection or privilege promptly after the producing party discovers such materials have been inadvertently produced.

(b) If a claim of inadvertent production is made, pursuant to this Stipulated Protective Order, with respect to discovery material then in the custody of another party, that party shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and certify in writing to that fact; and (iii) not disclose or use the claimed Inadvertent Production Material for any purpose until further order of the Court expressly authorizing such use.

(c) A party may move the Court for an order compelling production of the Inadvertent Production Material on the ground that it is not, in fact, privileged or protected. The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. The producing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed or produced information. While such a motion is pending, the Inadvertent Production Material at issue shall be treated in accordance with Paragraph 14(b) above.

(d) If a party, in reviewing discovery material it has received from any other party or any non-party, finds anything the reviewing party believes in good faith may be Inadvertent Production Material, the reviewing party shall: (i) refrain from any further examination or disclosure of the potentially Inadvertent Production Material; (ii) promptly identify the material in question to the producing party (by document number or other equally precise description); and (iii) give the producing party seven (7) days to respond as to whether the producing party will make a claim of inadvertent production. If the producing party makes such a claim, the provisions of Paragraphs 14(a)-(c) above shall apply.

15. The parties agree that should the production of source code become necessary, they will need to amend or supplement the terms of this Order. To the extent production of source code becomes necessary in this case, the parties will work expeditiously to propose amendments to this Order to cover any production of source code.

16. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information or Highly Confidential Information, the receiving party must:

(a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information or Highly Confidential Information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any Confidential Information or Highly Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and

-10-
STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328

expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

17. The following additional terms apply to non-party discovery material:

(a) The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b) In the event that a party is required, by a valid discovery request, to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall:

　　i. promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

　　ii. promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

　　iii. make the information requested available for inspection by the non-party.

(c) If the non-party fails to object or seek a protective order from this Court within 28 days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the

-11-

burden and expense of seeking protection in this Court of its Confidential Information or Highly Confidential Information.

18. Nothing in this Stipulated Protective Order shall be construed to preclude any party from asserting in good faith that certain Confidential Information or Highly Confidential Information requires additional protections. The parties shall meet and confer to agree upon the terms of such additional protection. By stipulating to the entry of this Protective Order no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

### Part Two: Use of Confidential Materials in Court

The following provisions govern the treatment of Confidential Information or Highly Confidential Information used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings. These provisions are subject to Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the California Rules of Court and must be construed in light of those Rules.

19. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information or Highly Confidential Information, and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal, pursuant to California Rule of Court 2.551.

20. A party that files with the Court, or seeks to use at trial, materials designated as Confidential Information or Highly Confidential Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with either of the following requirements:

    (a) At least ten (10) business days prior to the filing or use of the Confidential Information or Highly Confidential Information, the submitting party shall give notice to all other parties, and to any non-party that designated the

-12-

materials as Confidential Information or Highly Confidential Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information or Highly Confidential Information, including specific identification of the Confidential Information or Highly Confidential Information. Any affected party or non-party may then file a motion to seal, pursuant to California Rule of Court 2.551(b); or

  (b) At the time of filing or desiring to use the Confidential Information or Highly Confidential Information, the submitting party shall submit the materials pursuant to the lodging-under-seal provision of California Rule of Court 2.551(d). Any affected party or non-party may then file a motion to seal, pursuant to the California Rule of Court 2.551(b), within ten (10) business days after such lodging. Documents lodged pursuant to California Rule of Court 2.551(d) shall bear a legend stating that such materials shall be unsealed upon expiration of ten (10) business days, absent the filing of a motion to seal pursuant to Rule 2.551(b) or Court order.

21. In connection with a request to have materials sealed pursuant to Paragraph 12 or Paragraph 13, the requesting party's declaration pursuant to California Rule of Court 2.551(b)(1) shall contain sufficient particularity with respect to the particular Confidential Information or Highly Confidential Information and the basis for sealing to enable the Court to make the findings required by California Rule of Court 2.550(d).

**IT IS SO STIPULATED.**

DATED: _____, 2016

**PERKINS COIE LLP**

By: _____
  Julie E. Schwartz

*Attorneys for Defendant*
*Facebook, Inc.*

DATED: _____, 2016                    **BIRNBAUM & GODKIN, LLP**

By: _____
    David Godkin

Attorneys for Plaintiff
SIX4THREE, LLC

**IT IS SO ORDERED.**

DATED: 10/24, 2016

_____
JUDGE OF THE SUPERIOR COURT

# CERTIFICATION

I hereby certify my understanding that Confidential Information or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 2016, in *Six4Three, LLC v. Facebook, Inc.*, San Mateo County Superior Court Case No. CIV533328 ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not reveal the Confidential Information or Highly Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information or Highly Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information or Highly Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information or Highly Confidential Information. I hereby consent to the jurisdiction of the San Mateo County Superior Court for the purpose of enforcing the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ located at the address of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of _____, 2016, at _____.

By: _____

Address: _____

_____

Phone: _____

# CERTIFICATION

I hereby certify my understanding that Confidential Information or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on  October 25 , 2016, in *Six4Three, LLC v. Facebook, Inc.*, San Mateo County Superior Court Case No. CIV533328 ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not reveal the Confidential Information ~~or Highly Confidential Information~~ to anyone, except as allowed by the Order. I will maintain all such Confidential Information ~~or Highly Confidential Information~~, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information ~~or Highly Confidential Information~~, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information ~~or Highly Confidential Information~~. I hereby consent to the jurisdiction of the San Mateo County Superior Court for the purpose of enforcing the Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint  Basil P. Fthenakis  located at the address of  2225 E. Bayshore Road, Suite 200, Palo Alto  as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this  1st  day of  December , 2016, at  9:00AM .

By: /s/

Address: 51 Melcher Street, 7th Floor
         Boston, MA 02210

Phone: (617) 532 - 0992

-15-

STIPULATED [PROPOSED] PROTECTIVE ORDER
CASE NO. CIV533328