DURIE TANGRI LLP
SONAL N. MEHTA (SBN 222086)
smehta@durietangri.com
LAURA E. MILLER (SBN 271713)
lmiller@durietangri.com
CATHERINE Y. KIM (SBN 308442)
ckim@durietangri.com
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    415-362-6666
Facsimile:    415-236-6300

Attorneys for Defendant
Facebook, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIX4THREE, LLC,<br><br>                            Plaintiff,<br><br>      v.<br><br>FACEBOOK, INC.,<br><br>                            Defendant. | Case No. 3:17-cv-00359-WHA<br><br>**DEFENDANT FACEBOOK, INC.'S OBJECTIONS TO EVIDENCE IN PLAINTIFF SIX4THREE, LLC'S REPLY TO ITS MOTION TO REMAND**<br><br>Date:    February 16, 2017<br>Time:    8:00 a.m.<br>Ctrm:    8, 19th Floor<br>Judge:   Honorable William Alsup |

Pursuant to L.R. 7-3(d)(1), Defendant Facebook, Inc. ("Facebook") objects to Plaintiff Six4Three, LLC's ("Six4Three") Reply to its Motion to Remand (the "Reply") (ECF No. 24).  Specifically, Facebook objects to seventeen new exhibits introduced for the first time on reply, Exhibit Nos. 3–19, as well as the five pages of the Reply discussing that new evidence, Reply at 10–15.  Further, Facebook objects that Six4Three's Reply violates the Local Rules both by exceeding 28 lines per page and by including numerous lengthy footnotes in font less than 12-point standard font, thereby exceeding the page limits set for a reply brief.  *See* L.R. 3-4(c)(2) & 7-4(b).

*First*, Six4Three raises entirely new argument and evidence that could and should have been raised in its opening papers, if at all.  Six4Three has provided no justification or explanation for its decision to hold back *seventeen* exhibits and related argument until reply, nor could it.  As this Court recognizes, "[r]eply declarations are disfavored.  Opening declarations should set forth all facts on points foreseeably relevant to the relief sought.  Reply papers should not raise new points that could have been addressed in the opening."  Alsup, J. Supplemental Order to Order Setting Initial Case Management Conference ¶ 8.  Every single one of the exhibits objected to were produced to Six4Three months ago and could have been included in Six4Three's opening brief.  By disclosing this new evidence and argument only now, Six4Three has deprived Facebook of a meaningful opportunity to address Six4Three's new arguments and exhibits and, importantly, has deprived the Court of resolving this Motion on a fair and balanced record.  This is particularly troublesome given Six4Three's insistence on an expedited briefing schedule and expedited consideration by the Court.  Six4Three's rush to have its Motion heard, coupled with its choice to withhold substantial new argument until reply, should not be permitted.

*Second*, Six4Three's attempt to supplement the record with new evidence and argument submitted with its Reply should be rejected for the simple reason that a reply to a Motion to Remand is not the place to amend the operative complaint.  Facebook removed this case to federal court based on Six4Three's Second Amended Complaint and its verified responses to contention interrogatories related to the Section 17200 claim.  To the extent that Six4Three believes that it has a good faith basis to assert its new theories of false advertising and anticompetitive conspiracy—as opposed to unilateral monopolistic conduct—it should seek leave to amend its complaint.  Facebook and the Court would then

have the opportunity to review those amended claims and assess both the propriety of amending the complaint for the third time at this stage in the case, as well as the legal sufficiency of the new claims as pleaded. Instead, Six4Three introduced over a dozen new exhibits in its Reply, and asks this Court to review and analyze sixteen internal Facebook documents, spanning several years and involving numerous Facebook employees, to determine the plausibility of an unpleaded claim of collusion. Six4Three itself continues to refer to a "*potential* Cartwright Act violation," and argues that it is "premature to determine the full nature of *potential antitrust claims*." Reply at 10 (emphasis added). This is not how litigation works. The pleading standards in both California and federal courts require specificity so that the defendant can understand the scope of the allegations and prepare its case. Six4Three's shifting positions as to what its claims are, while expressly reserving its rights to allege virtually any anticompetitive conduct in the future, should not be permitted.

*Finally*, Six4Three's Reply violates the formatting requirements for papers filed in this Court and exceeds the length limitations without leave to do so. Reply briefs are limited to fifteen pages of text. *See* L.R. 7-4(b). While the Reply just meets this requirement, it only does so by including more than 28 lines per page, *see, e.g.*, Reply at 9, and numerous lengthy footnotes in smaller than 12-point standard font. The Reply thus violates L.R. 3-4(c)(2) and 7-4(b). *See, e.g.*, *United States v. Hill*, 72 F. Supp. 3d 1111, 1112 n.2 (N.D. Cal. 2014) (striking footnotes in violation of the Local Rules as they would have otherwise exceeded the page limit).

To the extent that the Court considers Six4Three's new arguments and evidence submitted for the first time on reply, Facebook requests that it be permitted to respond substantively in a 5-page sur-reply.

Dated: February 9, 2017                                    DURIE TANGRI LLP

By: */s/ Laura E. Miller*
SONAL N. MEHTA
LAURA E. MILLER
CATHERINE Y. KIM

Attorneys for Defendant
Facebook, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 9, 2017 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Laura E. Miller*
SONAL N. MEHTA
LAURA E. MILLER
CATHERINE Y. KIM