IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIX4THREE, LLC, a Delaware limited liability company,

    Plaintiff,

v.

FACEBOOK, INC., a Delaware corporation, and DOES 1 through 50, inclusive,

    Defendant.

No. C 17-00359 WHA

**ORDER REMANDING ACTION TO STATE COURT**

## INTRODUCTION

In this unfair-competition action, defendant removed the action from state court following a discovery response purportedly disclosing a federal question. Plaintiff moves to remand and for attorney's fees and costs incurred as a result of remand. For the reasons stated below, the motion to remand is **GRANTED**, and the request for attorney's fees and costs is **DENIED**.

## STATEMENT

At all relevant times, defendant Facebook, Inc., operated a social media website on the Internet. Facebook enabled users to connect and share information with their friends and family. Facebook offered various tools to third-party software developers to enable developers to build applications that integrated with the Facebook social network. Facebook promoted those tools to developers, and the third-party applications drove additional traffic to Facebook's website.

Plaintiff Six4Three, LLC, joined Facebook's developer platform in 2012, and developed an application for iPhones and iPads called "Pikinis." Six4Three's application used pattern-recognition technology to search through a Facebook user's friends' photographs, using certain developer tools offered by Facebook, to "identify photographs of the user's friends at the beach or in the summer" (Second Amd. Compl. ¶¶ 60–63). The complaint avoids providing a more detailed description of the Pikinis application. Nevertheless, this order takes judicial notice that during the pendency of this motion, the "About" section of a page promoting Pikinis on Facebook stated, "Pikinis is the iPhone app that automatically finds swimsuit photos on Facbeook" (*see About Pikinis*, FACEBOOK (Feb. 13, 2017, 8:52 a.m.), https://www.facebook.com/pg/ pikinisapp/about/).

This dispute arises because Facebook discontinued the developer tool that Six4Three's Pikinis application relied on, allegedly in contravention of promises made to developers.

In April 2016, Six4Three commenced this action in San Mateo County Superior Court. After demurrer practice, Six4Three filed a second amended complaint, alleging five causes of action: (1) violation of Section 17200 of the California Business and Professions Code, (2) promissory estoppel, (3) negligent misrepresentation, (4) intentional interference with a contract, and (5) intentional interference with prospective business relations. (After further demurrer practice, the Superior Court sustained demurrer as to the promissory estoppel claim as alleged in the second amended complaint.)

In December 2016, once discovery had already been under way, Facebook propounded the following interrogatory (Godkin Decl., Exh. 3, Interrogatory No. 34):

> State ALL laws that YOU contend Facebook's conduct violates RELATED TO YOUR claim for violation of Business and Professions Code § 17200 et seq.

On January 12, subject to several general objections, Six4Three served a verified response identifying various alleged violations of California statutory and common law (and one of New York law), as well as the following alleged violations of federal law (*ibid.*):

> Facebook's conduct also violates Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45) prohibiting unfair methods of competition in or affecting commerce and unfair or deceptive practices in or affecting commerce. Facebook's conduct further

2

> violates Section 1 of the Sherman Act prohibiting contracts in restraint of trade or commerce. Facebook's conduct further repeatedly violates Section 2 of the Sherman Act prohibiting the monopolization of attempt to monopolize any part of the trade or commerce among states. Facebook's conduct further repeatedly violates Section 2 of the Clayton Act, the Robinson-Patman Price Discrimination Act, prohibiting discrimination of price between different purchasers where the effect is to lessen competition or tend to create a monopoly. Facebook's conduct further repeatedly violates Section 3 of the Clayton Act prohibiting agreements that require avoidance of services or goods from competitors that tend to create a monopoly or lessen competition.

On January 24, the day prior to the deadline to serve dispositive motions in state court, Facebook removed the action to federal court here in San Francisco on the ground that Six4Three's interrogatory response indicated that its claim under Section 17200 presented a federal question.

Six4Three now moves to remand. It also seeks its reasonable attorney's fees and costs incurred as a result of removal.

While this motion was pending, an order asked Six4Three to clarify its intentions with regard to its possible reliance on federal law (Dkt. No. 28):

> [P]laintiff shall state unequivocally whether it will rely in any way on any federal law to support its claims herein. The response must be either "yes" or "no." If the answer is "no," plaintiff will be bound to that answer and on remand may not rely on any federal law.

Six4Three responded (Dkt. No. 29):

> Plaintiff Six4Three, LLC[,] hereby responds to Judge Alsup's Order Granting Request to File a Surreply and Requesting Response from Plaintiff (#28) as follows: No.

The next day, Facebook withdrew its opposition to Six4Three's motion to remand. (Dkt. No. 30).

This order follows briefing and oral argument, heard on an expedited schedule because Six4Three hopes to preserve its state-court trial date in May 2017 (Dkt. No. 17).[1]

---

[1] After insisting on an expedited schedule to hear this motion, Six4Three offered seventeen new exhibits in a reply declaration and included excessive footnotes and text that did not comply with the formatting requirements of this district's local rules and the undersigned's standing orders. Facebook was allowed to submit a five-page surreply, though it declined to do so after Six4Three's unequivocal statement.

3

## ANALYSIS

Six4Three's unequivocal response to the Court's order, which the order indicated would be binding, demonstrates that Six4Three's complaint does not "necessarily raise" a federal question. *See Gunn v. Minton*, 568 U.S. __, 133 S. Ct. 1059, 1065 (2013). Accordingly, there is no federal subject-matter jurisdiction, and Six4Three's motion to remand is **GRANTED**.

Six4Three also sought its attorney's fees and costs incurred as a result of removal. When a case is improperly removed, the district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Although this order grants Six4Three's motion to remand, it cannot conclude that Facebook lacked an objectively reasonable basis for removal. The possible federal question arose at an odd procedural moment. The pleadings had been settled, and discovery was well under way, so the issue appears to have shifted from whether a federal issue was "necessarily raised" by the pleadings to whether the federal issue would be "*actually raised*" by Six4Three. No decision cited by either side directly addressed the unique posture, and the decisions cited were ill fits for these circumstances. Removal amid that uncertain landscape was reasonable.

Moreover, as late as its reply in support of its motion, Six4Three refused to disclaim reliance on federal law as one possible route to prevailing under the unlawful prong, instead "reserv[ing] its rights regarding the predicate violations it will rely upon until it reviews the discovery that is central to the conduct at issue" (Pl.'s Reply at 4).

Until the Court intervened and required an unequivocal "yes" or "no" answer, determining the nature of Six4Three's case, *nearly one year after it commenced*, was like nailing jelly to the wall. Six4Three is not entitled to attorney's fees and costs as a result of its gamesmanship. Facebook's decision to remove the action was objectively reasonable.

At oral argument, counsel for Six4Three complained that Facebook's twenty-three hour delay in withdrawing its opposition to the motion to remand (following Six4Three's

unequivocal statement) caused the unnecessary expense of counsel's flight from Boston to San Francisco and counsel's time away from the office. Six4Three contends it would have withdrawn its request for fees and costs if Facebook had more promptly withdrawn, but Six4Three never communicated that intent. (Indeed, when counsel for Six4Three called the Court's deputy to determine whether the hearing would be vacated they ignored the fact that the fees and costs issue remained outstanding.) Upon inquiry from the Court, Six4Three maintained its request for fees and costs (Dkt. No. 32). (Albeit, the request and Six4Three's answer occurred after counsel had already traveled.) Both sides should have been more communicative as a matter of professional courtesy, but these are not "unusual circumstances" warranting an award of fees despite Facebook's objectively reasonable conduct.

Accordingly, Six4Three's motion for fees and costs is **DENIED**.

## CONCLUSION

For the reasons stated above, the action is hereby **REMANDED** to San Mateo County Superior Court. Six4Three's motion for attorney's fees and costs is **DENIED**. The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: February 17, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5